IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN A.H. EDSALL, SR.,

        Plaintiff,                   No. CIV S-02-2155 GEB GGH P

    vs.

R.N. JOHNSON, et al.,

        Defendants.             <u>ORDER</u>

_____ /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's June 22, 2006, motion for extension of time to file a motion to compel.

        On March 6, 2006, plaintiff filed his first request for extension of time to file a motion to compel. On March 15, 2006, the court granted plaintiff's first request and granted plaintiff thirty days to file a motion to compel. In this order, the court also re-set the dates set in the scheduling order. On April 24, 2006, plaintiff filed his second request for extension of time to file a motion to compel. On May 17, 2006, the court granted plaintiff thirty days to file his motion to compel.

        The grounds of all of plaintiff's requests for extension of time are that on December 22, 2005, he was placed in administrative segregation and has since been unable to

1  gain access to his legal property.  In the instant request, plaintiff describes his attempts to obtain
2  his legal property.

3  Plaintiff is presently housed at the Correctional Training Facility (CTF).  No
4  defendants are located at CTF.  Usually persons or entities not parties to an action are not subject
5  to orders for injunctive relief.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100
6  (1969).  However, the fact one is not a party does not automatically preclude the court from
7  acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or
8  appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  <u>See</u>
9  <u>generally</u> <u>S.E.C. v. G.C. George Securities, Inc.</u>, 637 F.2d 685 (9th Cir. 1981); <u>United States v.</u>
10 <u>New York Telephone Co.</u>, 434 U.S. 159 (1977). This section does not grant the court plenary
11 power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the
12 exercise and preservation of its jurisdiction.  <u>Plum Creek Lumber Company v. Hutton</u>, 608 F.2d
13 1283, 1289 (9th Cir. 1979).

14  The court is concerned that it may lose its jurisdiction if plaintiff is unable to
15 prosecute this action because he does not have access to his legal property.

16  Accordingly, IT IS HEREBY ORDERED that:

17  1. Within ten days of the date of this order, the Warden of the Correctional
18 Training Facility shall inform the court of the status of plaintiff's access to his legal property
19 related to this action;

20  2. The Clerk of the Court is directed to serve this order on the Warden,
21 Correctional Training Facility, P.O. Box 1050, Soledad, California, 93960-1050

22 DATED:  7/5/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
ed2155.alwrt