IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN A.H. EDSALL, SR.,

      Plaintiff,                                 No. CIV S-02-2155 GEB GGH P

      vs.

R.N. JOHNSON, et al.,

      Defendants.                     <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  In his June 22, 2006, motion for extension of time, plaintiff alleges that he was placed in administrative segregation on December 22, 2005, and has since been unable to gain access to obtain his legal property.

        Pursuant to the All Writs Act, on July 5, 2005, the court ordered the Warden at the Correctional Training Facility (CTF) to inform the court of the status of plaintiff's access to his legal property.  On August 11, 2006, plaintiff filed a notice with the court stating that he is housed at Salinas Valley State Prison (SVSP), and not CTF. Accordingly, the court will direct the Warden at SVSP to inform the court regarding plaintiff's access to his legal property.

        No defendants are located at SVSP.  Usually persons or entities not parties to an action are not subject to orders for injunctive relief.  <u>Zenith Radio Corp. v. Hazeltine Research,</u>

Inc., 395 U.S. 100 (1969). However, the fact one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it may lose its jurisdiction if plaintiff is unable to prosecute this action because he does not have access to his legal property.

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days of the date of this order, the Warden of Salinas Valley State Prison shall inform the court of the status of plaintiff's access to his legal property related to this action;

2. The Clerk of the Court is directed to serve this order on the Warden, Salinas Valley State Prison, P.O. Box 1050, Soledad, California, 93960-1050;

3. The Clerk of the Court is directed to amend court records to reflect that plaintiff is housed at Salinas Valley State Prison.

DATED: 9/19/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
ed2155.alwrt(2)